**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re:<br><br>PATRICK JOSEPH KOFFLEY,<br><br>Debtor. | Case No. 26-11845-BFK<br>Chapter 7 |
| PATRICK JOSEPH KOFFLEY,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST COMPANY, N.A., et al.,<br><br>Defendants. | Adversary Proceeding<br>No. 26-01040-BFK |

# MEMORANDUM OPINION AND ORDER DENYING MOTIONS TO DISMISS

This matter came before the Court on the Motions of Defendants, Aldridge Pite, LLP, BWW Law Group, LLC, Equity Trustees, LLC, Katelyn Lynch, Barry Spear, and of Select Portfolio Servicing, Inc., and U.S. Bank Trust Company, N.A., as Trustee, to dismiss the Complaint pursuant to Bankruptcy Rule 7012 (incorporating Federal Rule of Civil Procedure 12(b)(6)). Docket Nos. 12 and 13. The Plaintiff, Patrick Joseph Koffley, filed Oppositions to both Motions. Docket Nos. 14, 15. The Defendants filed Reply Memoranda. Docket Nos. 23, 24. Mr. Koffley filed two Supplemental Responses. Docket Nos. 25, 27. The Court heard the parties' arguments on October 20, 2026. For the reasons stated below, the Court will deny the Defendants' Motions.

## UNCONTESTED FACTS

The Court finds that the following facts are not contested.[1]

1. Mr. Koffley is an individual residing at 3320 Hemlock Drive, Falls Church, VA 22042 (the "Property").

*A. Ms. Keuthan's Bankruptcy Cases.*

2. Mr. Koffley's mother, Lynn Marie Keuthan, has been the subject of two recent Chapter 13 bankruptcy cases in this Court. Case Nos. 24-10762-BFK; 25-11858-BFK.

3. In the latter case, the Court granted relief from the automatic stay in favor of U.S. Bank Trust Company, N.A. Case No. 25-11858-BFK, Docket No. 137. Ms. Keuthan filed a Motion to Reconsider, which the Court denied. Case No. 25-11858-BFK, Docket Nos. 141, 183.

4. On August 14, 2026, the Court dismissed Ms. Keuthan's bankruptcy case. Case No. 25-11858-BFK, Docket No. 241.

5. Ms. Keuthan noted an appeal of the dismissal of her case. Case No. 25-11858-BFK, Docket No. 267.

*B. Mr. Koffley's Case and the Foreclosure.*

6. On July 30, 2026, Mr. Koffley filed a Voluntary Petition under Chapter 13 with this Court. Case No. 26-11845-BFK, Docket No. 1.

7. Mr. Koffley did not list a beneficial interest in the KML Family Irrevocable Estate Preservation Trust (the "Trust") in his Schedules. Rather, on the date of the Petition, July 30, 2026, he listed a direct ownership interest in the Property itself. Case No. 26-11845-BFK, Docket No. 1, p. 9.

8. On August 5, 2026, U.S. Bank Trust Company, N.A. and its agents conducted a foreclosure of the Property.

[1] The Court grants Mr. Koffley, as a *pro se* party, leniency in construing his pleadings.

9. At the time of the foreclosure, the Property was titled in the name of the Trust. Plaintiff's Response in Opposition, Case No. 26-01040-BFK, Docket No. 15, p. 5.

10. The Trust is a spendthrift trust. Case No. 26-01040-BFK, Docket No. 13-1, Ex. A.[2]

11. The night before the foreclosure, Ms. Keuthan emailed an unsigned copy of the Trust Agreement to the foreclosing Trustees.

12. Prior to foreclosing, the Trustees conducted a record search in the land records and found that the Property was still titled in the name of the Trust.

13. Subsequently, on August 15, 2026, the Trust executed a Deed conveying the Property to the three beneficiaries, including Mr. Koffley.

14. The Deed was recorded in the land records on August 18, 2026.

15. Also on August 18, 2026, Mr. Koffley filed Schedule C, claiming a $55,500.00 homestead exemption in the Property pursuant to Va. Code Ann. §§ 34-4, 34-4.2, and 34-13. Case No. 26-11845-BFK, Docket No. 18, p. 4. On August 27, 2026, Mr. Koffley filed an Amended Schedule C, claiming the same exemption. Case No. 26-11845-BFK, Docket No. 20, p. 1.

16. On September 15, 2026, the Chapter 13 Trustee filed an Objection to Debtor's Claim of Exemptions, objecting to the exemptions claimed in the Amended Schedule C and arguing that the Debtor "did not have the type of ownership interest in the subject real estate that would allow him to utilize Va. Code Ann. §§34.4 [*sic*], 34-4.2, or 34-13 at the time of the filing of the Petition." Case No. 26-11845-BFK, Docket No. 28.[3]

17. On October 19, 2026, the Chapter 13 Trustee filed a Motion for Entry of Agreed Order of Conversion to Chapter 7. Case No. 26-11845-BFK, Docket No. 42.

---

[2] The copy of the Trust Agreement attached to the Defendants' Motion is unsigned, but Mr. Koffley did not contest that it is an accurate copy. Case No. 26-01040-BFK, Docket No. 13-1, Ex. A. The Trust Agreement provides that it is governed by the laws of the Commonwealth of Virginia. *Id.* ¶ 6.

[3] This Opinion does not address the Debtor's claim of exemption in any way.

18. On October 29, 2026, the Court entered an Order Granting Motion to Convert Case to Chapter 7. Case No. 26-11845-BFK, Docket No. 43. On November 12, 2026, Mr. Koffley filed a Motion for Reconsideration of the conversion Order, which is set for hearing on December 8, 2026. Case No. 26-11845-BFK, Docket Nos. 71, 75.

19. Donald F. King has been appointed as the Chapter 7 Trustee in the case. Case No. 26-11845-BFK, Docket No. 46.

20. On October 30, 2026, the Court entered an Order inviting the Trustee to advise the Court whether he would like to intervene in this adversary proceeding. Case No. 26-01040-BFK, Docket No. 38.

**CONCLUSIONS OF LAW**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate), as the Complaint alleges that the Property was property of the bankruptcy estate under 11 U.S.C. § 541(a), and that the Defendants violated the automatic stay under Section 362(a) by proceeding with the foreclosure, giving rise to a claim under Section 362(k).

Under the Supreme Court's decisions in *Twombly* and *Iqbal*, to survive a motion to dismiss under Rule 12(b)(6), the complaint must state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In *Iqbal*, the Court held: "[W]hether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id.*, p. 679. Under Rule 7012, the Court is required to accept as true all well-pleaded facts in the Complaint, but is not required to accept allegations that are legal conclusions. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) ("[A]lthough a court must accept as true all factual allegations contained in a complaint, such deference is not accorded to legal conclusions stated therein. The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)").

**I. Section 541(a) and Equitable Interests in Property.**

The Defendants argue that the Complaint should be dismissed because the Property was not property of the bankruptcy estate at the time of the foreclosure. Section 541(a) of the Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Court looks to State law to determine a debtor's interest in property, unless the Bankruptcy Code demands a different result. *Butner v. United States*, 440 U.S. 48, 54–55 (1979).[4]

Section 541(a) expressly includes all legal and equitable interests of the Debtor in property. If the trust in this case were a revocable, non-spendthrift trust, the Court would have no difficulty in concluding that Mr. Koffley's equitable interest in the Property, via his equitable interest in the Trust, was property of the bankruptcy estate under Section 541(a) at the time of the foreclosure. *See In re Monroe*, 680 B.R. 822, 831 (Bankr. E.D. Mo. 2026) ("Debtor holds an equitable interest in the Mattis Road Property via his role as a beneficiary of the Monroe Revocable Trust.") (footnote omitted); *In re Wetter*, 620 B.R. 243, 256 n.13 (Bankr. W.D. Va. 2020) ("An interest in a

[4] The Complaint alleges: "Plaintiff is one of the owners of the property at 3320 Hemlock Drive, Falls Church, VA 22042." Complaint, Case No. 26-01040-BFK, Docket No. 1, ¶ 6. This is a legal conclusion that is not entitled to deference. Mr. Koffley acknowledged at the hearing that the Property was titled in the Trust at the time of the foreclosure and that the Deed was not signed until August 15, 2026, and recorded on August 18, 2026. Hr'g Tr. 10/20/2026, Case No. 26-01040-BFK, Docket No. 32, p. 13.

revocable living trust constitutes property of the estate under 11 U.S.C. § 541.") (citations omitted). In this case, though, the Trust is an irrevocable, spendthrift trust.

The Court, therefore, turns to an examination of Section 541(c)(2) and spendthrift trusts, below.

**II. Section 541(c)(2) and Spendthrift Trusts.**

The Trust in this case is a spendthrift trust, which is treated differently from revocable trusts in bankruptcy. Property held in a spendthrift trust is excluded from property of the estate when a beneficiary of the trust files a bankruptcy petition. 11 U.S.C. § 541(c)(2). Section 541(c)(2) provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." *Id.*; *see Patterson v. Shumate*, 504 U.S. 753, 758 (1992) ("The natural reading of the provision entitles a debtor to exclude from property of the estate any interest in a plan or trust that contains a transfer restriction enforceable under any relevant nonbankruptcy law."); *Levin v. Wachovia Bank*, 436 Fed.Appx. 175, 179 (4th Cir. 2011) (noting the bankruptcy and district courts' agreement that Section 541(c)(2) "excludes from the property of the bankruptcy estate interests in trust that are protected under a spendthrift clause that is enforceable under applicable state law").

The courts generally agree that the inquiry is a three-part test: (1) whether the debtor has a beneficial interest in a trust; (2) whether there is a restriction on alienation of the debtor's beneficial interest; and (3) whether the restriction on alienation is enforceable under applicable nonbankruptcy law. *In re Piskeil*, 2023 WL 1931066 (Bankr. D. N.M. Feb. 10, 2023); *In re Gnadt*, 2015 WL 2194475 (Bankr. E.D. Va. May 7, 2015). In this case, there is no question that the Debtor had a beneficial interest in the Trust as of the petition date. There is also no dispute that the Trust contains a restriction on alienation of the beneficiaries' interests. Additionally, Virginia law

recognizes the enforceability of spendthrift trusts and their restrictions on alienation. Virginia recognized the enforceability of spendthrift trusts in 1919, when it enacted Section 5157 of the Code of Virginia, the statute that later became Va. Code § 55-19. The enactment of Section 5157 legislatively overruled the case of *Hutchinson v. Maxwell*, 100 Va. 169 (1902), which held that spendthrift trusts violated public policy. *See id.*, p. 175 ("It is well settled in this country and in England, from which country we derive the principles of our jurisprudence, that a gift or grant of a beneficial estate, in fee or absolutely, whether legal or equitable, has certain legal incidents of which the estate cannot be devested, and all conditions adopted for that purpose are necessarily repugnant and void. Among those incidents are the donee's or grantee's power of alienating such estate, and its liability for his debts."); *Sheridan v. Krause*, 161 Va. 873, 901 (1934) ("[W]e hold that an equitable fee simple or absolute equitable estate may be given to a person subject to any spendthrift trust for his benefit for his life, or a lesser period, which, under section 5157, would be good if the remainder in the trust property were given to another.").

Virginia law continues to recognize the enforceability of spendthrift trusts and their restrictions on alienability. Virginia adopted the Uniform Trust Code in 2005. Va. Code Ann. § 64.2-700 et seq. Virginia recognizes the enforceability of spendthrift trust provisions. Va. Code Ann. §§ 64.2-742 to -744.

Subject to the Court's discussion in Part III, below, the Court would hold that the Debtor's equitable interest in the Trust is not property of the estate under Section 541(c)(2). If that were the case, then the foreclosure would not have violated the automatic stay and the Court would grant the Defendants' Motion to Dismiss.

**III. Is Section 541(c)(2) Permissive?**

The Court turns to the issue of whether Section 541(c)(2) is permissive, that is, whether despite Section 541(c)(2)'s exclusion of spendthrift trust assets as property of the estate, the Debtor can elect to treat the assets as property of the estate. This case comes before the Court in an unusual posture. Ordinarily, debtors prefer to argue that property held in a spendthrift trust is *not* property of the estate. In that way, they might seek to avoid including the value of the property for purposes of the liquidation test in Chapter 13, or they might seek to prevent a Chapter 7 Trustee from selling the property. In this case, Mr. Koffley argues that his equitable interest in the Property was indeed property of the estate at the time he filed his bankruptcy case.

In the case of *Scott v. King (In re Amerson)*, 839 F.3d 1290 (10th Cir. 2016), the Tenth Circuit held that Section 541(c)(2) is "permissive rather than mandatory," and therefore, "it is a debtor's choice whether or not to include such an interest in his or her bankruptcy estate." *Id.*, p. 1300. This holding does not appear to have been adopted by the Fourth Circuit, or by any courts within the Fourth Circuit. On the other hand, there is no case law prohibiting such an election. It is not uncommon, for example, for debtors in Chapter 13 to voluntarily contribute exempt assets, such as the proceeds of a 401(k) account, to fund their Chapter 13 Plans, and no one would argue that they do not have the right to do so. Other courts have held that Section 541(c)(2) is permissive, rather than mandatory. *Rains v. Flinn (In re Rains)*, 428 F.3d 893 (9th Cir. 2005); *In re Tawil,* 2017 WL 3309693 (Bankr. D. N.J. Aug. 1, 2017). The Court holds, therefore, that debtors may elect to treat spendthrift trust property as property of the bankruptcy estate.

Two questions then flow from the Court's holding: first, has Mr. Koffley elected to treat the Property as property of the bankruptcy estate? The Court finds that he has. He listed the Property (not his interest in the Trust) in Schedule A/B and asserted an exemption in the Property as his homestead, to which the Chapter 13 Trustee objected. He inarguably maintained that position

in his Supplemental Responses. Case No. 26-01040-BFK, Docket No. 25, pp. 10–13; Case No. 26-01040-BFK, Docket No. 27, pp. 9–12.

The second question is: what does this mean for the bankruptcy estate? The answer is that the Property remains property of the bankruptcy estate because the foreclosure is void. The Chapter 7 Trustee will be given the opportunity to sell Mr. Koffley's interest in the Property (not an easy task, given that the estate owns an undivided one-third interest in a residence, and the exemption issue is not yet decided), to pursue whatever rights he may have under Bankruptcy Code Section 363(h), or to negotiate a buyout of Mr. Koffley's interest in the Property. If the Trustee is unable to sell Mr. Koffley's one-third interest in the Property, to pursue a claim under Section 363(h), or to negotiate a buyout, the Court would then consider granting a motion for relief from the automatic stay under Section 362(d), if the secured lender were to file a relief from stay motion.

**IV. Sections 348(f)(1) and (2).**

Finally, one other Code Section bears mentioning, that of Section 348(f). Under Section 348(f)(1), property of the estate in a converted case consists of property "as of the date of filing of the petition," subject to Subsection (2). Under Subsection (2), when a case is converted from Chapter 13 to another Chapter in bad faith, property of the estate in the converted case consists of property of the estate as of the date of the conversion. The Deed in this case conveying a one-third interest in the Property to the Debtor was executed and recorded after the Debtor filed for Chapter 13 relief, but before the case was converted to Chapter 7, though the Debtor claims that the Property was property of the estate as of the petition date.

To the extent that the Debtor's interest in the Property might be considered a post-petition acquisition, the Court finds that the case was converted in bad faith under Section 348(f)(2). Mr. Koffley filed this case just after the Court granted relief from the automatic stay in his mother's

case, and shortly before his mother's case was dismissed. His mother, as trustee, then deeded a one-third interest in the Property to him. If it was Mr. Koffley's intent to contribute the Property to his Chapter 13 case to avoid the effect of the foreclosure, but then to withdraw that election when the case was converted to Chapter 7, that would be a bad faith conversion.

The Property is and remains property of the estate.

## CONCLUSION

For the foregoing reasons, the Court will deny the Defendants' Motions to Dismiss.

It is therefore **ORDERED**:

A. The two Motions to Dismiss (Case No. 26-01040-BFK, Docket Nos. 12 and 13) are denied.

B. The Clerk will mail copies of this Memorandum Opinion and Order, or will provide CM-ECF notice of its entry, to the parties below.

Date: Nov 20 2026

Alexandria, Virginia

/s/ Brian F Kenney

HONORABLE BRIAN F. KENNEY
CHIEF U.S. BANKRUPTCY JUDGE

Entered On Docket: Nov 20 2026

Copies to:

Patrick Joseph Koffley
3320 Hemlock Drive
Falls Church, VA 22042
*Pro Se Plaintiff/Debtor*

Alexander R. Green, Esquire
Hinshaw & Culbertson LLP
700 12th Street NW
Suite 700
Washington, DC 20005
*Counsel for Defendants Select Portfolio Servicing, Inc. and U.S. Bank Trust Company, N.A.*

Barry W. Spear, Esquire
Aldridge Pite, LLP
3525 Piedmont Road, N.E.
Suite 700
Atlanta, GA 30305
*Counsel for Defendants Aldridge Pite, LLP, Katelyn Lynch,*
*Barry Spear, BWW Law Group, LLC, and Equity Trustees, LLC*